OPINION
{¶ 1} Defendant-appellant Hunter Merritt appeals his June 16, 2004 adjudication and sentence in the Richland County Court of Common Pleas, Juvenile Division. Plaintiffappellee is the State of Ohio
 STATEMENT OF THE FACTS AND CASE {¶ 2} On April 2, 2004, Officer Todd Vanausdale of the Mansfield Police Department stopped appellant for driving a vehicle with a cracked windshield. Prior to the stop, the officer observed appellant making up and down movements from the shoulder area. Following appellant's admission he did not have a valid driver's license, the officer placed appellant in the back of his patrol cruiser. An inquiry revealed the license plates on the vehicle were fictitious. The officer called for a tow truck, and commenced an inventory search of the vehicle. During the search, Officer Vanausdale discovered a loaded nine millimeter handgun under the driver's seat. Upon questioning, appellant denied ownership of the gun and asserted the car belonged to someone else.
 {¶ 3} Appellant was charged with one count of carrying a concealed weapon, in violation of R.C. 2923.12. At the adjudicatory hearing in this matter, Shaun Smith, a seventeen year old being held in the juvenile detention center at the same time as appellant and a former acquaintance of appellant's, testified appellant told him the gun found in the car was his gun. At the time of Smith's testimony, he and appellant had some problems and were involved in a disagreement.
 {¶ 4} Jeremy Edwards, a former friend of appellant's, testified he saw appellant with a handgun in the spring, and further testified regarding a prior incident in which appellant and his friends tried to rob him using a nine millimeter handgun.
 {¶ 5} Both Brian Webster, a maintenance and fill-in manager at East Gate Apartments, and Gary Tuttle, the manager of the apartments, testified they had each asked appellant to leave the apartment premises on separate occasions because appellant had a gun and they could see the handle in an outfit he was wearing. They both stated the gun in evidence looked similar to the handle they saw sticking out of appellant's outfit.
 {¶ 6} Finally, Detective Bob Mack testified regarding various police reports, including reports the weapon was operable and the fingerprint examination failed to reveal any latent or probable palm prints. Detective Mack stated the vehicle belonged to a Mrs. Kunz, and the nine millimeter handgun was purchased by Mrs. Kunz.
 {¶ 7} Following the hearing, the trial court, via a June 16, 2004 Judgment Entry, adjudicated appellant a delinquent child for carrying a concealed weapon, and committed him to the Department of Youth Services for a minimum of six months, maximum of his twenty-first birthday.
 {¶ 8} Appellant now appeals his June 16, 2004 adjudication and sentence, assigning as error:
 {¶ 9} "I. The trial court violated hunter meritt's right to due process by admitting character evidence in violation of Ohio Rules of Evidence 401, 402, 403, and 404, the Fifth andFourteenth Amendments to the United States Constitution, and Article I, Section 16 of the Ohio Constitution.
 {¶ 10} "II. Hunter merritt was denied the effective assistance of counsel as guaranteed by the Sixth andFourteenth Amendments to the United States Constitution
and Article I, Section 16 of the Ohio Constitution.
 {¶ 11} "III. The trial court violated hunter merritt's right to due process under the Fifth andFourteenth Amendments to the United States Constitution, Article I, Section 16 of the Ohio Constitution, and Juv. R. 29(e)(4) when it adjudicated him delinquent of carrying concealed weapon absent proof of every element of the charge against him by sufficient, competent, and credible evidence.
 {¶ 12} "IV. The trial court violated hunter merritt's right to due process under the Fifth andFourteenth Amendments to the United States Constitution, Article I, Section 16 of the Ohio Constitution when it adjudicated him delinquent of carrying a concealed weapon when that finding was against the manifest weight of the evidence."
 I {¶ 13} Appellant's first assignment of error argues the trial court erred in allowing evidence of other crimes, wrongs or acts to prove his character and to show he acted in conformity therewith.
 {¶ 14} In State v. Noling, 98 Ohio St.3d 44, 2002-Ohio-7044,781 N.E.2d 88, the Ohio Supreme Court held the admission of evidence is addressed to the broad discretion of the trial court, and a reviewing court shall not disturb evidentiary decisions in the absence of abuse of discretion resulting in material prejudice. The Supreme Court has repeatedly held the term abuse of discretion implies the trial court's attitude is unreasonable, arbitrary, or unconscionable, see, e.g., Statev. Adams (1980), 62 Ohio St.2d 151, 404 N.E.2d 144.
 {¶ 15} Evidence Rule 404 governs the admission of "bad acts" evidence:
 {¶ 16} "(A) Character evidence generally
 {¶ 17} "Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, subject to the following exceptions:
* * *
 {¶ 18} "(B) Other crimes, wrongs or acts
 {¶ 19} "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."
 {¶ 20} Appellant maintains the evidence offered is inadmissible as it is not relevant to the charge of carrying a concealed weapon and its probative value is outweighed by the danger of unfair prejudice.
 {¶ 21} The testimony presented by the witnesses at the adjudicatory hearing regarding appellant's possession of a nine millimeter handgun on other occasions is relevant, and was properly admitted to demonstrate appellant's knowledge and absence of mistake or accident relative to possession of the handgun during the incident at issue. The testimony does have a tendency to make the existence of a fact of consequence to the determination of appellant's guilt or innocence, i.e. appellant's possession of a nine millimeter gun, more probable than it would be otherwise. Further, the trial court did not abuse its discretion in admitting the evidence for purposes other than to prove appellant acted in conformity, i.e. his knowledge of the handgun and/or the absence of mistake or accident.
 {¶ 22} The first assignment of error is overruled.
 II {¶ 23} In the second assignment of error appellant argues his counsel was ineffective for failing to object to bad acts evidence, as stated in his first assignment of error.
 {¶ 24} Counsel is ineffective if his performance fell below an objective standard of reasonable representation, and the appellant was prejudiced by such performance. Strickland v. Washington (1984),466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, State v. Bradley (1989),42 Ohio St.3d 136, 538 N.E.2d 373. To demonstrate prejudice, the defendant must show that but for counsel's errors, the result of the proceeding would have been different. Id.
 {¶ 25} As noted in the first assignment of error, the trial court did not abuse its discretion in admitting the evidence which appellant claims counsel should have objected to. Therefore, appellant cannot demonstrate prejudice from counsel's failure to object to this testimony.
 {¶ 26} The second assignment of error is overruled.
 III, IV {¶ 27} Appellant's third and fourth assignments of error raise common and interrelated issues; therefore, we will address the assignments together.
 {¶ 28} Appellant argues his adjudication is against the manifest weight and sufficiency of the evidence. The Ohio Supreme Court outlined the role of an appellate court presented with a sufficiency of evidence argument in State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus:
 {¶ 29} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of a crime proven beyond a reasonable doubt. * * *" See, also, Jackson v. Virginia (1979),443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560. This test raises a question of law and does not allow the court to weigh the evidence. Statev. Martin (1983), 20 Ohio App.3d 172, 175, 485 N.E.2d 717. Rather, the sufficiency of evidence test "gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." Jackson, at 319. Accordingly, the weight given to the evidence and the credibility of witnesses are issues primarily for the trier of fact. State v. Thomas (1982), 70 Ohio St.2d 79, 80,434 N.E.2d 1356."
 {¶ 30} In determining whether a verdict is against the manifest weight of the evidence, the appellate court acts as a "thirteenth juror." Under this standard of review, the appellate court weighs the evidence in order to determine whether the trier of fact "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Thompkins (1997),78 Ohio St.3d 380, 387, 678 N.E.2d 541. The appellate court, however, must bear in mind the trier of fact's superior, first-hand perspective in judging the demeanor and credibility of witnesses. See State v. DeHass
(1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. The power to reverse on "manifest weight" grounds should only be used in exceptional circumstances, when "the evidence weighs heavily against the conviction." Thompkins, at 387, 678 N.E.2d 541.
 {¶ 31} As we addressed in our discussion of appellant's first assignment of error, the trial court properly admitted the testimony of Shaun Smith, Jeremy Edwards, Brian Webster and Gary Tuttle. Further, the trial court properly considered the testimony of Officer Vanausdale regarding appellant's "up and down" movements prior to the stop. The weight given to the evidence and the credibility of witnesses are issues for the trial court. Accordingly, a rational trier of fact could have found the essential elements met beyond a reasonable doubt, and the trial court did not lose its way or create a manifest miscarriage of justice in adjudicating appellant a delinquent child for carrying a concealed weapon.
 {¶ 32} The third and fourth assignments of error are overruled.
 {¶ 33} Appellant's June 16, 2004 adjudication and sentence in the Richland County Court of Common Pleas, Juvenile Division, is affirmed.
Hoffman, P.J., Edwards, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Richland County Court of Common Pleas, Juvenile Division, is affirmed. Costs assessed to appellant.